UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED

OCT 1 2 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. 05-257 (RBW) |
| | : | |
| v. | : | |
| | : | |
| DENNIS JAWARD, | : | |
| defendant. | : | |

### GOVERNMENT'S SUBMISSION TO THE COURT IN PREPARATION FOR THE UPCOMING PLEA HEARING

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following in preparation for a plea hearing in the instant case.

I.   ELEMENTS OF THE OFFENSE:

A.   The defendant is charged in Count Three of the Indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year in violation of 18 U.S.C. § 922(g)(1).  The essential elements of this offense are:

1.   That the defendant knowingly possessed the firearm;

2.   That, before he possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

3.   That the possession of the firearm was in or affecting commerce.

II.   COPY OF THE PLEA AGREEMENT:

A copy of the plea agreement, not yet executed by the defendant, is attached.

III.   PENALTIES:

A.   Pursuant to 18 U.S.C. § 922 and § 924, the offense of Unlawful Possession

of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year carries a maximum sentence of 10 years imprisonment, a $250,000 fine, and up to three years of supervised release.

IV.    FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA:

A.    If this case had gone to trial, the government's evidence would have shown the following beyond a reasonable doubt:

1.    On April 8, 2005, at approximately 12:20 a.m., members of the Sixth District Gun Recovery Unit of the Metropolitan Police Department ("MPD") were on patrol in the area of 2200 Prout St., S.E., Washington, DC. The officers observed the defendant sitting in a green Camaro. The engine of the car was running, and the defendant was watching a DVD player. The windows on the defendant's car were tinted beyond the legal limit, and the defendant was not wearing a seatbelt. Officer Fogel approached the defendant's car and asked the defendant if he could see his license and registration. The defendant complied. The officer then asked the defendant if there was anything in the car that he should be concerned about. The defendant replied, "No." The officer then asked the defendant if he could search the car. The defendant replied, "Do your job." The officer informed the defendant that he needed to be clear about his answer and needed to tell the officer either "yes" or "no". At that point, the defendant gave the officer consent to search his car.

The defendant got out of the car, and began a conversation with Officer Fogel. During the conversation, the defendant took off running down an alley. Officers gave chase, and found the defendant in the basement of an abandoned house. The officers searched the green Camaro and found a Tec-9 semi-automatic pistol underneath the driver's seat. The pistol was loaded with seventeen 9 mm rounds, and was determined to be an operable pistol.

In a search incident to arrest, officers recovered two plastic bags of a white rock substance from the defendant's pocket. The white rock substance was sent to the DEA Mid-Atlantic laboratory, and was anlyzed by a forensic chemist. It was determined to be 3.4 grams of cocaine base.

2.    The defendant was convicted of a crime punishable by imprisonment of more than one year, prior to possession of the firearms and ammunition in this case. Specifically, on October 28, 2004, the defendant was convicted of Handgun on Person in Prince George's County, MD in Criminal Case No. CT030360X.

3.    The possession of the firearms and ammunition was in or affected interstate commerce. The Tec-9 semi-automatic pistol and 9 mm ammunition were manufactured outside the District of Columbia.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

TONYA SULIA
Assistant United States Attorney
U.S. Attorney's Office
Room 4243
555 4th Street, N.W.
Washington, D.C. 20001
(202) 305-2195

## DEFENDANT'S ACKNOWLEDGMENT

I have read this factual proffer and have discussed it with my attorney, Lara Quint, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 10/12/05

Dennis Jaward

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 10/12/05

Lara Quint, Esquire
Attorney for Defendant

4