IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. No. 05-257 (RBW) |
| | ) | |
| DENNIS JAWARD, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**DEFENDANT'S MEMORANDUM IN AID OF SENTENCING**

Defendant, Dennis Jaward, through undersigned counsel, hereby respectfully submits this memorandum in aid of sentencing, and the exhibit attached hereto, pursuant to Federal Rule of Criminal Procedure 32. Based on all the sentencing factors in this case, including the United States Sentencing Guidelines, Mr. Jaward respectfully asks the Court to sentence him to a period of incarceration under 46 months, to be followed by two years of supervised release.

**BACKGROUND**

Mr. Jaward was charged, in a three-count indictment, with (1) Unlawful Possession with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A); and (3) Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

On October 12, 2005, Mr. Jaward pled guilty to count three of the indictment–unlawful

possession of a firearm and ammunition by a person convicted of a crime punishable by imprisonment for a term exceeding one year–in accordance with a written plea agreement.

**DISCUSSION**

I. **THE POST-BOOKER SENTENCING FRAMEWORK.**

Under Justice Breyer's majority opinion in Booker, the "district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing. See 18 U.S.C. § 3553(a)(4)." United States v. Booker, _ U.S. __, 2005 WL 50108,*27 & n.1 (U.S. Jan. 12, 2005) (Breyer, J.). While holding that district courts should still consider the Guideline calculations and ranges for sentencing purposes, the remedial majority in Booker held that courts must consider all the purposes of sentencing set forth in 18 U.S.C. § 3553(a). Pursuant to Booker, therefore, courts must treat the Guidelines as but one, among several, sentencing factors.

Pursuant to 18 U.S.C. §§ 3562 and 3553(a)–which were explicitly endorsed by the Supreme Court in Booker–sentencing courts should consider the need for the sentence imposed:

>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

>(B) to afford adequate deterrence to criminal conduct;

>(C) to protect the public from further crimes of the defendant; and

>(D) to provide the defendant with the needed educational and vocational training, medical care, or other correctional

        treatment in the most effective manner.

Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available, the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged.

Pursuant to 18 U.S.C. § 3661, also expressly endorsed by the <u>Booker</u> majority:

> No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purposes of imposing an appropriate sentence.

Section 3582 of Title 18 states that:

> [t]he court, in determining whether to impose a sentence of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in Section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.

Taken together, the directives of <u>Booker</u>, as well as Sections 3553, 3661, and 3582 of Title 18, make it clear that sentencing courts may no longer consider the Guidelines alone in determining the appropriate sentence. With respect to *departures* from the Guideline range, in particular, following <u>Booker</u> courts need not justify sentences outside the Guidelines by citing factors that take the case outside the "heartland." Rather, as long as the sentence imposed is reasonable and supported by the factors outlined in Section 3553, courts may disagree with the range proposed by the Guidelines in individual cases and exercise their discretion.

**II.     UNDER ALL OF THE RELEVANT SENTENCING FACTORS, MR. JAWARD SHOULD RECEIVE A SENTENCE OF INCARCERATION UNDER 46 MONTHS**

     A.     Statutory Provisions

Pursuant to the applicable statute, the maximum term of imprisonment for the offense at issue is ten years.

     B.     Advisory Sentencing Guidelines

     (I).     *Applicable Guideline Range*

The Probation Office, consulting the 2005 edition of the Guidelines Manual, has concluded that the Adjusted Offense Level in this case is 17 and that Mr. Jaward's criminal history category is V, resulting in an advisory Guideline range of 46-57 months. Three of Mr. Jaward's 11 criminal history points stem from the fact that Mr. Jaward committed the instant offense within two years of being released from a prior, two-month, sentence of incarceration.

     C.     Section 2553 Factors

As noted above, pursuant to 18 U.S.C. §§ 3562 and 3553(a) sentencing courts should consider the need for the sentence imposed 1) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; 2) to afford adequate deterrence to criminal conduct; 3) to protect the public from further crimes of the defendant; and 4) to provide the defendant with the needed educational and vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs sentencing courts to consider the nature and circumstances of the offense, the history and characteristics of the defendant, the range of sentences available,

the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offenses charged. Specifically, courts should "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" set forth above.

*I. Nature of the Offense*

While Mr. Jaward does not wish to diminish the importance, or seriousness, of the offense to which he pled guilty, he notes that it involved neither violence nor threats of violence. As indicated in the Presentence Investigation Report. Mr. Jaward has been suffering from a crack addiction for the past year. During the time that he committed the offense at issue, Mr. Jaward was using crack cocaine and dealing with the declining health of both his maternal and paternal grandmothers.[1] Mr. Jaward knows that the conduct in which he engaged was wrong. In this respect, it bears noting that he not only pled guilty in a timely fashion, but did so before undersigned counsel and counsel for the government had filed any pre-trial motions. By accepting responsibility as early as he did, Mr. Jaward not only waived his rights to a motions hearing and a trial, but saved the government and the judicial system valuable time and resources.

*II. Characteristics of the Defendant*

As indicated in the Presentence Investigation Report and highlighted so articulately in the

---

[1] While the Presentence Investigation Report states that Mr. Jaward lost his grandmothers in May, 2005, he lost them on April 15 and April 18, 2005.

letters attached hereto,[2] Mr. Jaward is an intelligent, hard-working, and conscientious individual who has dedicated time and energy towards improving not only his own life, but the lives of those around him. While there is no justification for the offense Mr. Jaward committed in the instant case, there is much more to his character than that reflected by the underlying acts.

Unlike some of the individuals who come before this Court, Mr. Jaward benefitted from a loving and supportive upbringing. Although his parents separated when he was a child and he suffered from the absence of a male role model, both his mother and father provided for him emotionally and financially. Notably, Mr. Jaward never took the benefits he received for granted. In the years leading up to the instant offense, he strove to maintain employment while continuing his education and obtaining specialized training. While he did not graduate from Largo or Central High schools in Maryland–which he attended from 1992 through 1996–he later obtained his GED from the Maryland Department of Education on his own initiative and of his volition.

As evidenced by both the Presentence Investigation Report and the letters written by Mr. Jaward and on his behalf, Mr. Jaward enjoys a healthy relationship with his family.  Having grown up with his mother, the two remain very close–sharing time and invaluable experiences together. Mr. Jaward was also extremely close to both his maternal and paternal grandmothers. His own letter state more articulately than counsel ever could the extent to which the two women influenced his life. In recent years, Mr. Jaward has made strides in becoming a more active figure in the life of his five-year old daughter, Felicity. His experience as a father has encouraged him to pursue activities such as babysitting the children of friends, as well as accompanying neighborhood children on field trips.

Mr. Jaward has suffered, in recent times, with addiction and depression. While the

---

[2]See Exhibit A.

decision he made when he committed the instant offense was not only in violation of the law but incredibly self-destructive, Mr. Jaward has demonstrated a capability to make the right decisions, too. In addition to completing his high school education of his own accord, Mr. Jaward decided to seek counseling at the Salvation Army Harbor Lights program. Mr. Jaward may be young, but when given the chance, he has demonstrated maturity and great promise. The fact that Mr. Jaward was experiencing hardship does not justify his actions. It does, however, provide some insight into the motivations behind them.

### III. Needs of the Community and Public

Mr. Jaward engaged in the actions at issue in this case during a particularly difficult period in his life. There is no indication that he posed a threat to the community at large or to the public. To the contrary, as highlighted in the multiple letters written on his behalf, Mr. Jaward continued to provide support and care for others even through his personal hardship. Mr. Jaward needs guidance, as well as treatment for his physical and mental health problems. Incarcerating Mr. Jaward for a period of time over 46 months would serve no purpose other than one which, counsel submits, would be unduly punitive. Furthermore, incarcerating Mr. Jaward for a substantial period of time would remove him from his loved ones and thereby punish his family, friends, daughter and larger community.

## **CONCLUSION**

For the reasons set forth above, as well as for any others that it may deem fair and reasonable, Mr. Jaward asks the Court to sentence him to a period of incarceration under 46 months. Such a sentence would be sufficient, but not greater than necessary, to comply with the

purposes set forth in 18 U.S.C. § 3553.

A more substantial sentence of imprisonment in this case would serve neither a deterrent nor a rehabilitative purpose.

                    Respectfully submitted,

                    A.J. Kramer
                    Federal Public Defender


                    _____/s/_____
                    Lara G. Quint
                    Assistant Federal Public Defender
                    625 Indiana Avenue, N.W.
                    Washington, D.C.  20004
                    (202) 208-7500 ex.134